yfOORE, judge.
-The contents of a record lost or destroy* -*•*-*• ed, cannot be proven otherwise than by a copy : it is better to suiter a private mischief than a public inconvenience, especially one of such magnitude as the introducing of parol testimony to supply a record.
!!§¿tere áe hoc. For before the inventions of learned men and prior to all artificial rules, parol evidence was the only standard to be.resorted to for the ascertainment of a disputed fact, and would be naturally receivable in all cases, as well t© prove facts, now proven by records or deeds, as any others, were it not lor those artificial rules that exclude it, which doubtless are wise snd saiu'ary, but extend no further than the reason of their establishment goes. Cessante ralione, cessal ejfcclus,- the exclusion ceases, when the reason of it fails : The exclusion is grounded upon this, that a record or deed remaining unaltered, is less liable to misrepresent facts than parol testimony, and therefore a preference is given to the instrument, so long as it is in being ; but as neither the foresight of man can avoid, nor his powers resist, all the accidents to which such writings are exposed ; time, fire, enemies, storms, thefts, and a thousand other accidents which, snay destroy them so completely, that not a vestige shall remain, nor any other than parol evidence to prove the transaction ; and as in such cases, the better evidence which was required while it existed, was the cause of rejecting the inferior ; that rejection expires with the annihilation of that which caused it; qtanida stibüoH'Hur causa mbsoHilur cij'cd-iis.
*77 Pato! testimony n?.’v misrepresent facts ; and so may dev ds and records ; but as because in the latter, there is a greater probability of truth than in psrol testimony, and for that reason the lav/ requires theui 5 — -so because when there is no record or deed nor any -copy, parol evidence will in general ¡relate the fact truly, and is as much better than no evidence at all, as records and deeds are superior to itself; it ought to be received upon the same principle as they are, not because there is absolute certainty either ia the one or the other; for a record or deed may be altered, corrupted, substituted, or the like: but because in chousing probabilities, it is wise to take the best that < fiers. To r/quire the production of a record or deed, when there is undoubted proof of its destruction, is to require an impossibility; and lex neminem, cogit adimpobdbiiia, 10 say his right shall be lost, with the record or deed that proves it 5 though destroyed by invincible calamity, is to inSict punishment for the acts of heaven and actus del ncmini facit injuriara, it v/ete far belter to abolish the institution of deeds and records alf.ogther, than to admit the position under consideration, as a consequence of them ; for ail other rights, not required to be evidenced by records or deeds, are at all times capable of proof by same circumstance or other, sufficient to evince their existence ; when rights required to be thus evidenced, because of their superior value and importance, are every moment exposed to immovable destruction, by the loss or destruction cl those evidences ; all former decisions are at variance with this decision. In ihe time of Lord Cooke, 12 Report 5, length of possession, proved hv parol testimony, was received as good evidence, of the con- ; <-rs'- of a lost record; and there it is said, tempos est edax rerum, o .•••!;, and letters patent, and other writings, either consumed arc lost; and God forbid that ancient grants or acts should be drawn in question, although they cannot be shewn. 2 Vesey ?3‘1, Lord Hardwick says the rule is, that the best evidence must be used that can be had ; first the original; if that cannot be had, you r«iay be let in to prove it in any way, and by nny circumstances the nature of the case will admit; this says lie, extends not only to deeds but to records. In Cowper 109, Lord Mansfield, speaking of a lost record, says, if a foundation can be "laid, that a record or deed existed, and was afterwards lost, it inav be supplied by the next best evidence to be had.—Hardress, 328, 324, All. 18, 2 Nels. Ab. 759, Plow. Com. 411, 2 Term 41, Trials per pais, 174, 156, are to the same effect; but I choose to rely upon the three first cited authorities, because of the credit they derive fiom the great characters and Jjilkies oí those who made the decisions. Records and deeds v/eru ordained ibr the same purpose : that of exhibiting with .■ertniuiy to future timos, a true state of facts, and being equally ía loss arid Jest;uctior., it seems to be a just conclusion, *78 that wbat is evidence in the absence of a lost deed, is also evidence in the absence of a lost record; There is no quality peculiar to a-deed to impress its contents upon the mind of a witness, more distinctly or indelibly than there is to a record ;• — in-truth, a-deed is less calculated for such a purpose than a record j, the latter is usually made up in the presence of by.-slanders,..attentive to what passes, and of the parties, in the presence of'ju— rers also, who tried the cause by' a sworn officer, skilled in using; terms the best appropriated, to signify precisely what is done 5.. and all this under the inspection of judges, who are bound by duty toobserve all that'passes, and to sec that-it is related exactly ; — whereas, deeds are frequently executed in the presence of. one or two persons only, who are not necessarily to be made, acquainted with the contents ; and if such a conclusion he just, then, as it cannot be denied without overturning all authorities-upon the subject, hut that the contento of a lost deed may' be proved by parol, where there is no copy, nor abstract; for which see 10 Re. 92, 93. Bull. N. P. 254. 1 Vez. 505. 2 Ves. 323. Vaugh. 78. Trials per pais, 276. It follows irresista-bly, that the contents of a lost record may be proved by. the'same means, where there is no copy nor any abstract to be had.
If it be argued that the party should take and preserve; a copy, of the record amongst his other evidences, and then the lo3sof the record would not prejudice him, and that it is-his own fault-'d' he neglects to do so, and the record becomes extinct; — the answer is-, that in contemplation of law, he is not bound to take, a copy till his occasions-require it,, for the law itself has undertaken to keep' and preserve the record for him to the end he •may have a ■ copy when he wants it; and-therefore the [not taking or not keeping a copy, cannot he imputed to his -negliglence:. Secondly, if he take a copy, that as well as t.he record may be lost yet, according to the controverted position, he cannot be let into parol evidence: Thirdly', granting he is bound to take a copy, his omitting to do so, is not a greater neglect than the not taking from the register’s office his deed, before it becomes burnt, with the registeied copy ; nor is it a greater neglect than the not keeping safely a deed which the party is bound to keep;, and yet in all these eases, parol evidence of the contents of a deed maybe given, and ergo of the record also.
• It is inconceivable why such objections shall prevail in the case of a record, when they will not in the case oí a deed ; and' why a tittle, evidenced by a record, which is mote capable of ascertainment by parol testirnoneyto the satisfaction of a jury, than deeds generally are, shall be utterly destroyed, by refusing to hear such evidence of the contents; when a title, evidenced by a lost deed, shall be preserved and protected by the admission of such testimony'. The accidents which have happened to Records in this state, are very numerous ; m.my were destroyed- *79 sn the late war ; many have beers Inst by the carelessness of the officers who had them in keepings anti in not a few instances, whole offices with all their records have been consumed by fire,; and it is believed, there is hardly one instance in a thousand where the party has úhen a copy : These circumstances render the present, subject one of great importance in this state, since the proposition, which the foregoing remarks are intended to combat, is calculated to operate the extinction of every title, held under such circumstances. And it is mine, as well as ic is the right and duty of every citizen, whose pursuits enable him to do so, to canvass freely every rule which is to affect our rights, laid down in courts of justice 5 and upon sufficient reasons appearing against any of them, to present such reasons to the public view : and preserving always a decent regard for those entrusted with public authority, who are without doubt, men of talents and integrity; to endeavor to weaken at the threshold, any opinion, which once gone forth, is likely to acquire stability from the respectability of its origin, and to have a fatal influence upon many honest titles; which, were the extent of the rule including parol testimony, well understood and applied, might rest in perfect security under the protection the law has provided for them.